J-S61011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MAURICE BUSSEY | |
| Appellant | No. 2428 EDA 2016 |

Appeal from the Judgment of Sentence June 27, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001781-2014,
CP-51-CR-0002751-2011, CP-51-CR-0009409-2015

BEFORE:  LAZARUS, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:          **FILED OCTOBER 02, 2017**

Maurice Bussey appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following his guilty plea to possession with intent to deliver (PWID) and conspiracy.  We vacate and remand.

In 2011, Bussey pled guilty to PWID and conspiracy, and the court sentenced him to 6 to 24 months' imprisonment, followed by three years' probation.  In 2014, while on probation, Bussey was again arrested for PWID and related charges.  The court sentenced him to 11½ to 23 months' imprisonment, followed by 4 years' probation.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On July 9, 2015, while on probation, Bussey was arrested again for PWID and conspiracy. Bussey pled guilty, and on June 27, 2016, the court sentenced him to three to six years' imprisonment, followed by ten years' probation for the 2015 charges, as well as a concurrent term of eight years' probation for the 2011 and 2014 cases. Bussey filed a post-sentence motion on July 7, 2016 and a notice of appeal on July 27, 2016. The court did not dispose of Bussey's post-sentence motion, however, and it was denied by operation of law on November 7, 2016.[1]

On appeal, Bussey raises the following claims, challenging discretionary aspects of sentencing:

> Did not the sentencing court err as a matter of law, abuse its discretion, and violate general sentencing principles when, following a sentence on an open guilty plea and a revocation of parole and probation hearing, the court imposed a sentence of three to six years followed by [ten] years' probation, where the

---

[1] Pursuant to Pa.R.Crim.P. 720(B)(3)(a), "the judge shall decide the post-sentence motion . . . within 120 days of the filing of the motion. If the judge fails to decide the motion within 120 days, or to grant an extension as provided in paragraph (B)(3)(b), the motion shall be deemed denied by operation of law." Here, Bussey prematurely filed his notice of appeal. However, on November 7, 2016, the post-sentence motion was denied by operation of law and, thus, the judgment of sentence became final for purposes of appeal. *See* Pa.R.Crim.P. 720(B)(3)(a), (c). Further, "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order **shall be treated as filed after such entry and on the day thereof**." Pa.R.A.P. 905(a)(5) (emphasis added). "In response to an extensive history of appeals that were quashed because of the premature filing of the notice of appeal, the last sentence of Pa.R.A.P. 905(a) was drafted to create a legal fiction that treats the premature appeal as being filed after the entry of the appealable order." Pa.R.Crim.P. 720, cmt., Miscellaneous.

court did not engage in individualized sentencing, did not demonstrate any familiarity with [Bussey's] background save for the cases in front of the court, did not consult any pre-sentence reports, and failed to adequately consider [Bussey's] rehabilitative needs, and was not such a sentence a violation of [Bussey's] right to due process under the Pennsylvania and United States Constitutions?

Appellant's Brief, at 3.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to appellate review as of right. Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 1410 [now Rule 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781 (b). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. Additionally, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. Pa.R.A.P. 2119(f). The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases. The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Commonwealth v. Hyland***, 875 A.2d 1175, 1183 (Pa. Super. 2005) (internal quotation marks and citations omitted).

Bussey has complied with these requirements, although he did not specifically claim in his post-sentence motion that the court did not state on the record its reasons for the sentencing it imposed. The trial court, however, acknowledges as much in its Rule 1925(b) opinion, stating "this [c]ourt concedes that it erred in failing to state the reasons for its sentence on the record, and that the case[] should be remanded for re-sentencing." Trial Court Opinion, 1/17/17, at 2.[2]

After our review, we agree with the Honorable Rayford A. Means' assessment. Accordingly, we vacate the judgment of sentence and remand for resentencing.

Vacated and remanded. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 10/2/2017*

---

[2] We also note that we are unable to locate a transcript of a sentencing proceeding.